UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC W. PAYNE,<br><br>    **Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>    **Defendants**. | Civil Action No. 1:10-cv-00679 (PLF) |

**MOTION TO QUASH SUBPOENAS ON BEHALF OF
COUNCILMEMBER JACK EVANS AND FORMER
COUNCILMEMBERS JIM GRAHAM AND VINCENT GRAY**

Jack Evans, member of the Council of the District of Columbia, and Jim Graham and Vincent Gray, former members of the Council of the District of Columbia (collectively, "Councilmembers"), by and through undersigned counsel, move this Court, pursuant to D.C. Official Code § 1-301.42 and Federal Rules of Civil Procedure ("Rules") 45(d)(3)(A)(iii) and (iv), to quash the subpoenas issued by Plaintiff to compel their testimony at trial in the above-referenced case.  For the reasons set forth in the supporting Statement of Points and Authorities, filed simultaneously herewith, the Council asserts that there are no good grounds to justify the further expenditure of time and resources in requiring these Councilmembers to appear at trial.  If the Court disagrees, however, in the alternative, the Councilmembers request the Court to modify the scope of the

subpoenas consistent with this Court's May 14, 2012 Memorandum Opinion and Order [Doc. 101] ("May 14, 2012 Order").

Although the subpoenas are silent on the scope of the trial testimony Plaintiff intends to elicit, Plaintiff appears to be seeking testimony of the Councilmembers related to "communication[s] with [then-Chief Financial Officer ("CFO")] Gandhi and others regarding Mr. Payne and the lottery contract." (Am. Joint Pre-Trial Statement [Doc. 212] at 5; *see also* Pl.'s Trial Br. [Doc. 205] at 2; Pl's Am. Suppl. to Protected Disclosures [Doc. 222] at ¶¶ 9, 12, 15.)  These are the very communications that this Court previously determined are protected by legislative immunity under the District of Columbia's Speech or Debate Clause, D.C. Official Code § 1-301.42.  (*See* May 14, 2012 Order at 18-19.)

Judge Roberts, in his May 14, 2012 Order, found that many of the Councilmembers meetings with the Office of the Chief Financial Officer ("OCFO") "were information-gathering missions that related directly to the pending lottery contract" and that "[l]egislative immunity shields these communications." (May 14, 2012 Order at 18, 19.)  The Court explained that "[a]sking the executive about personnel in a company slotted to win a contract the Council must approve is information gathering within the legislative sphere.  Cajoling the executive to fire the executive's own personnel is not." (*Id*. at 21.)  Accordingly, the Court, after determining that Plaintiff wholly had failed to demonstrate that the conduct of Councilmember Evans fell outside the legislative sphere, (*see id*. at 2, 19, 22 n.10), quashed the subpoena issued to him in its entirety, and restricted the scope of

questioning for then-Councilmember Graham and then-Mayor Gray to "communications each had with the CFO relating to Payne's demotion and termination," (*id*. at 26).

Plaintiff should not be permitted to elicit testimony related to the Councilmembers review of the lottery contract or to re-litigate the issue of legislative immunity at trial. To the extent Plaintiff is attempting to do so, Plaintiff has failed to comply with the letter and spirit of Rule 45(d)(1), and the Court should quash the subpoenas under Rules 45(d)(3)(A)(iii) and (iv).

For these reasons, as more fully set forth in the accompanying Statement of Points and Authorities, the Councilmembers respectfully request that this Court quash the subpoenas issued to them on October 25, 2016. Alternatively, if this Court intends to require the Councilmembers to testify at trial, the Councilmembers respectfully request that this Court follow its May 14, 2012 Order by quashing the subpoena issued to Councilmember Evans and modifying the subpoenas of former Councilmembers Graham and Gray. Further, if the Court modifies the subpoenas of former Councilmembers Graham and Gray, the Court should require Plaintiff to provide them with a specific date and time at which their testimony will be taken.[1]

In support of this Motion, the Councilmembers provide a Statement of Points and Authorities and alternative proposed orders.

---

[1] Councilmember Gray is running for re-election to the Council and will not be available during the first week of the trial scheduled to commence on November 7, 2016. Undersigned counsel notified Mr. McDaniel of this issue on October 28, 2016.

DATED: November 1, 2016        Respectfully submitted,

/s/
Ellen A. Efros, General Counsel (#250746)
eefros@dccouncil.us
Manasi Venkatesh, Ass't General Counsel (#1000409)
mvenkatesh@dccouncil.us
Council of the District of Columbia
1350 Pennsylvania Avenue NW, Suite 4
Washington, D.C. 20004
(202) 727-8026 (phone)

## LCvR 7(m) CERTIFICATION

      Undersigned counsel and counsel for Plaintiff have discussed the relief requested herein and have not been able to reach a resolution.

DATED: November 1, 2016        Respectfully submitted,

                                                /s/
                            Ellen A. Efros, General Counsel (#250746)
                            eefros@dccouncil.us
                            Manasi Venkatesh, Ass't General Counsel (#1000409)
                            mvenkatesh@dccouncil.us
                            Council of the District of Columbia
                            1350 Pennsylvania Avenue NW, Suite 4
                            Washington, DC 20004
                            (202) 727-8026 (phone)

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| |
|---|
| **ERIC W. PAYNE,** |
| **Plaintiff,** |
| v. |
| **DISTRICT OF COLUMBIA, *et al*.,** |
| **Defendants**. |

Civil Action No. 1:10-cv-00679 (PLF)

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENAS ON BEHALF OF COUNCILMEMBER JACK EVANS AND FORMER COUNCILMEMBERS JIM GRAHAM AND VINCENT GRAY

Jack Evans, member of the Council of the District of Columbia, and Jim Graham and Vincent Gray, former members of the Council of the District of Columbia (collectively, "Councilmembers"), by and through undersigned counsel, move this Court, pursuant to D.C. Official Code § 1-301.42 and Federal Rules of Civil Procedure ("Rules") 45(d)(3)(A)(iii) and (iv), to quash the subpoenas issued by Plaintiff to compel their testimony at trial in the above-referenced case.

As discussed below, no good grounds exist to compel the testimony of these Councilmembers at trial. Indeed, to the extent any relevant testimony would fall outside the shield of legislative immunity, there are far less intrusive ways to make such a record without the concomitant further waste of these Councilmembers' time and the Council's and the Court's resources. Thus, in the alternative, if the Court does not quash these subpoenas in their entirety, at a minimum, the

Councilmembers request the Court to modify the scope of the subpoenas consistent with this Court's May 14, 2012 Memorandum Opinion and Order [Doc. 101] ("May 14, 2012 Order").

Plaintiff, with the issuance of the October 25, 2016 subpoenas, seemingly intends to elicit testimony related to the Councilmembers' information-gathering, deliberation, and consideration of the lottery contract, all of which are protected legislative activities.  (*See* Am. Joint Pre-Trial Statement [Doc. 212] at 5; Pl.'s Trial Br. [Doc. 205] at 2; Pl's Am. Suppl. to Protected Disclosures [Doc. 222] at ¶¶ 9, 12, 15.)  Plaintiff's efforts to elicit such testimony not only are in direct contravention of the District of Columbia's Speech or Debate Clause, but are contrary to this Court's May 14, 2012 Order.  (May 14, 2012 Order at 14-15, 19, 21, 26.)

The issue of the scope of legislative immunity in this case has been resolved for over 4 years.  Forcing the Councilmembers to re-litigate this issue at trial is not only burdensome, but a waste of the Councilmembers', the Council's, and this Court's time and resources.  For these reasons, the October 25, 2016 subpoenas should be quashed.  Alternatively, if this Court intends to require the Councilmembers to testify at trial, the Court should follow its May 14, 2012 Order by quashing the subpoena issued to Councilmember Evans in its entirety and modifying the subpoenas of former Councilmembers Graham and Gray.  Further, if the Court modifies the subpoenas of former Councilmembers Graham and Gray, the Court should require Plaintiff to provide them with a specific date and time at which their testimony will be taken.

I.    BACKGROUND.

On August 23, 2011, the Councilmembers were served with subpoenas seeking their deposition testimony. Subsequently, Councilmembers Evans and Graham filed a Motion to Quash [Doc. 24], and then-Mayor Gray filed a Motion for a Protective Order [Doc. 23]. They based their respective motions, in part, on the assertion of legislative immunity under the District of Columbia's Speech or Debate Clause, D.C. Official Code § 1-301.42. In a thorough and well-reasoned opinion by Judge Roberts, on May 14, 2012, this Court:

(1) Quashed the subpoena issued to Councilmember Evans on the grounds that his alleged statements surrounding the lottery contract were shielded by legislative immunity, (May 14, 2012 Order at 19, 22 n.10);

(2) Limited the scope of the deposition testimony of then-Councilmember Graham and then-Mayor Gray to "communications each had with the CFO relating to Payne's demotion and termination," thereby overruling "D.C.'s objection to requiring the Mayor to provide deposition testimony as to his private conversation with Gandhi and any personal issues he had with Payne between April of 2008 and January 2009," (*id.* at 26.); and

(3) Prohibited "any deposition inquiry into the then Councilmembers' review of the lottery contract and Mayor Gray's April 9, 2008 comment to Payne," as to whether Payne was going to bring the lottery contract up again, (*id.* at 26).

Then-Mayor Gray and then-Councilmember Graham complied with the Court's directives and were deposed on July 10, 2012, and July 11, 2012,

3

respectively. Despite the Court's May 14, 2012 Order restricting the scope of the deposition testimony, counsel for Plaintiff spent much of the lengthy depositions of Councilmembers Gray and Graham questioning them each about meetings and communications that the Court had deemed privileged. (*See* Graham's Mem. in Opp'n to Pl's Mot. to Reopen Deps. [Doc. 125] at 5-9; D.C's Mem. in Opp'n to Pl's Mot. to Reopen Deps. [Doc. 122] at 1-3.) After the discovery deadline had passed, Plaintiff filed a Motion to Reopen Depositions in an attempt to "elicit contextual information supporting Plaintiff's allegations." (Pl's Mot. to Reopen Deps. [Doc. 124] at 4.) This Court denied Plaintiff's request. (Sept. 5, 2012 Min. Order.)[2]

Having been apprised that Plaintiff, once again, would seek to elicit testimony from these Councilmembers, on October 18, 2016, this Court ordered "that as soon as possible the plaintiff shall serve trial subpoenas on those witnesses who are current or former members of the D.C. Council and may enjoy legislative immunity from testifying under D.C. Official Code § 1-301.42 (2016 Repl.), so that counsel for those witnesses can move to quash the subpoenas well in advance of trial, which begins on November 7, 2016." (Second Pretrial Order [Doc. 216] at 1-2.) Undersigned counsel did not receive the trial subpoenas until the afternoon of October 25, 2016. Then, on October 27, 2016, undersigned counsel attended a

---

[2] As previously argued, whether or not the Councilmembers' "review of the lottery contract would provide 'context' for Plaintiff's claims has no bearing on the legislative immunity analysis." *See* Graham's Mem. in Opp'n to Pl's Mot. to Reopen Deps. [Doc. 125] at 7 n.6 (explaining "that prosecution under a general criminal statute dependent on inquiries as to motives underlying the making of speech by a congressman necessarily contravenes the Speech or Debate Clause because '[t]he essence of such a charge in this context is that the Congressman's conduct was improperly motivated, and as will appear that is precisely what the Speech or Debate Clause generally forecloses from executive and judicial inquiry'" (quoting *United States v. Johnson,* 383 U.S. 169, 180 (1966))).

pretrial conference, where the Court ordered the Councilmembers to file a motion to quash by November 1, 2016, and ordered Plaintiff to file an opposition by noon on November 4, 2016.  (Third Pretrial Order [Doc. 229] at 1.)

## II.     ARGUMENT.

This Court should not allow Plaintiff to elicit trial testimony from the Councilmembers about communications involving their review of the lottery contract—communications that this Court already has determined fall squarely within the broad ambit of the legislative activities that are protected from inquiry under the District of Columbia's Speech or Debate Clause, D.C. Official Code § 1-301.42.  (*See* May 14, 2012 Order at 26.)  Forcing the Councilmembers to re-litigate the issue of legislative immunity already decided by this Court, without any basis for doing so, is unnecessary and unduly burdensome under Rule 45 and should not be permitted.

### A. The Testimony Plaintiff Intends to Elicit from the Councilmembers at Trial is Protected by Legislative Immunity.

The testimony Plaintiff intends to elicit from the Councilmembers at trial is in direct contravention of the District of Columbia's Speech or Debate Clause and this Court's May 14, 2012 Order.  (May 14, 2012 Order at 14-15, 19, 21, 26.)

The case law on the District of Columbia's Speech or Debate Clause has been outlined repeatedly by the Councilmembers[3] and thoroughly examined by the Court

---

[3] *See* Statement of P. & A. in Supp. of Mot. of Councilmembers Jack Evans and Jim Graham to Quash Subpoenas [Doc. 24] at 5-7; Mem. of P. & A. in Supp. of Mot. for a Protective Order on Behalf of Mayor Vincent Gray [Doc. 23] at 4-7; May 14, 2012 Order at 13-17.

in its May 14, 2012 Order. The Speech or Debate Clause provides members of the Council with an absolute legislative privilege from being compelled to testify about actions taken within the scope of their legislative duties.[4] *See* D.C. Official Code § 1-301.42 ("For any speech or debate made in the course of their legislative duties, the members of the Council shall not be questioned in any other place."); May 14, 2012 Order at 13-14 (citations omitted). The broad scope of the Speech or Debate Clause precludes inquiry into acts inherent in the legislative process,[5] and protects both formal and informal information gathering.[6] Further, courts have made clear that the legislative privilege applies regardless of allegations of improper conduct or motive. *See Minpeco, S.A. v. Conticommodity Services, Inc.,* 844 F.2d 856, 860-61 (D.C. Cir. 1988) (explaining that the critical inquiry in the Speech or Debate Clause analysis is "whether the action at issue, whether legal or not, was undertaken within the legislative sphere"); *Chang v. United States,* 512 F. Supp. 2d 62, 66 (D.D.C. 2007) ("The D.C. Speech or Debate Clause, playing the same role as the Speech or Debate Clause in the U.S. Constitution, excludes 'inquiry . . . into the motivation for' acts 'that occur in the regular course of the legislative process.'" (quoting *United States v. Helstoski,* 442 U.S. 477, 487 (1979))).[7] In essence, if the

---

[4] The term "legislative duties" includes, but is not limited to, "[e]verything said, written or done during legislative sessions, meetings, or investigations of the Council or any committee of the Council, and everything said, written, or done in the process of drafting and publishing legislation and legislative reports." D.C. Official Code § 1-301.41.

[5] *See United States v. Brewster*, 408 U.S. 501, 512 (1972); *see also* May 14, 2012 Order at 14 (citations omitted).

[6] *See Williams v. Johnson,* 597 F. Supp. 2d 107, 114 (D.D.C. 2009); *see also,* May 14, 2012 Order at 15 (citations omitted).

[7] *See also* May 14, 2012 Order at 14, 21 n.9 (Noting that the magistrate judge did not violate the edict to "examine . . . legislators' acts 'stripped of all considerations of intent and motive'" (quoting *Youngblood v. DeWeese,* 352 F.3d 836, 840-41 (3rd Cir. 2003))).

6

activity at issue falls within the legislative sphere, "that is the end of the matter." *See Minpeco*, 844 F.2d at 861; *see also* May 14, 2012 Order at 14 (citations omitted).

Here, Plaintiff's issuance of trial subpoenas appears to be motivated by Plaintiff's desire to continue questioning the Councilmembers regarding "direct communications with the Chief Financial Officer Dr. Gandhi regarding not only the immediate lottery contract award, but also Plaintiff's role in awarding said contract and to who it was awarded." (Pl's Trial Br. [Doc. 205] at 3; *see also* Am. Joint Pre-Trial Statement [Doc. 212] at 5 ¶ 7; Pl's Am. Suppl. to Protected Disclosures [Doc. 222] at ¶¶ 9, 12, 15.) These types of communications served as the very basis for seeking the deposition testimony of the Councilmembers in 2011,[8] and are the very same communications that formed the basis for this Court's May 14, 2012 Order.[9] To the extent that Plaintiff is attempting to question the Councilmembers about statements or communications that this Court already has deemed privileged, Plaintiff's subpoenas should be quashed.

---

[8] S*ee* Pl's Opp'n to Collective Mots. for Protective Orders on Behalf of Mayor Vincent C. Gray, Council Member Jack Evans and Council Member Jim Graham [Doc. 27] at 3 ("[C]ertain D.C. council members, including then City Council Chairman Vincent Gray and council members Jack Evans and Jim Graham engaged in direct communications with the CFO, Natwar Gandhi, regarding the immediate contract award during a period of time when there was great pressure being exerted upon Payne to cancel the lottery contract award, absent any legal or ethical foundation to do so.").

[9] The Court, in concluding that some of the communications between the Councilmembers and the OCFO were protected by legislative immunity, referenced meetings with the CFO and Councilmembers where Plaintiff "was repeatedly asked about Warren William['s] other business dealings with the District[.]" (May 14, 2012 Order at 18-19.) By way of example, the Court pointed to an April 8, 2008, meeting where, according to Plaintiff, "Evans stated that Williams was a slumlord and asked whether the OCFO could 'just get rid of' him. When told that replacing Williams would be legally impermissible, Evans followed up by asking why." (*Id*. at 19 (internal citations omitted).) The Court also referenced the statement of "Graham's associate, Dottie Love Wade, [who] suggested that Williams was unfamiliar with online gaming . . . ." (*Id*.) In finding that legislative immunity protected these communications, the Court made clear that "[a]sking the executive about personnel in a company slotted to win a contract the Council must approve is information-gathering within the legislative sphere." (*Id*. at 21.)

### B. Compelling the Non-Party Councilmembers to Re-Litigate the Issue of Legislative Immunity at Trial is Unnecessary and Burdensome.

Plaintiff's subpoenas require the disclosure of privileged communications and impose an undue burden on the Councilmembers.

Under Rule 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A court then has an obligation to quash or modify a subpoena when it "requires disclosure of privileged or protected matter" or "subjects a person to undue burden".[10] Rules 45(d)(3)(A)(iii) and (iv), respectively.

To date, Plaintiff has not taken reasonable steps to avoid imposing an undue burden on the third-party Councilmembers.[11] On October 18, 2016, this Court ordered Plaintiff to serve trial subpoenas on the Councilmembers "as soon as possible" to allow the Councilmembers adequate time to file a motion to quash. (Second Pretrial Order [Doc. 216] at 1-2.) Plaintiff, however, waited a full week before serving the subpoenas, and made no effort to tailor the subpoenas to reflect this Court's May 14, 2012 Order—an Order that counsel for Plaintiff acknowledges, albeit informally, applies here.[12]

---

[10] *See Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) ("Rule 45's privilege and undue burden standard [] applies to both document and testimonial subpoenas.") (citations omitted).

[11] *cf. Goldberg v. Amgen, Inc.*, 123 F. Supp. 3d 9, 23 (D.D.C. 2015) ("Although our Court of Appeals appears not to have addressed the issue, the Ninth Circuit has interpreted 'undue burden' under Rule 45(d)(1) as 'limited to harms inflicted by complying with the subpoena' and 'not to the adjudication of related follow-on issues, such as whether the subpoenaed information is potentially protected by a privilege.'" (quoting *Mount Hope Church v. Bash Back!,* 705 F.3d 418, 428 (9th Cir. 2012))).

[12] On October 27, 2016, undersigned counsel appeared at a pretrial conference to inform the Court that the Councilmembers planned to file a motion to quash the recently issued trial subpoenas on

8

Moreover, dragging the Councilmembers into Court is entirely unnecessary in this case. *See* May 14, 2012 Order at 24 (explaining that in evaluating a motion to quash, the court must weigh the subpoena's benefits and burdens, including "consider[ing] whether the information is necessary and whether it is available from any other source" (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299-300 (S.D.N.Y 2009))). During depositions in July of 2012, Plaintiff questioned then-Councilmember Graham and then-Mayor Gray for 3 hours each, making no effort whatsoever to stay within the limitations set by the Court. Notwithstanding Plaintiff's counsel's refusal to abide by the May 14, 2012 Order setting the limits of permissible inquiry, the questions Plaintiff asked each of them elicited no relevant, non-privileged information related to Plaintiff's demotion or termination. (Graham's Mem. in Opp'n to Pl's Mot. to Reopen Deps. [Doc. 125] at

---

the basis of legislative immunity. The Court inquired whether the Councilmembers were seeking to quash the subpoenas, thereby asking the Court to re-evaluate Judge Robert's May 14, 2012 Order, or if they were seeking to modify the subpoenas consistent with the Court's May 14, 2012 Order. Undersigned counsel informed the Court that the Councilmembers were in agreement with this Court's May 14, 2012 Order but, that based on a conversation with Mr. McDaniel immediately after the Councilmembers were served and a review of the Plaintiff's recent pleadings, it appeared that the subpoenas were designed to elicit the very testimony that the Court's May 14, 2012 Order had deemed privileged. At the pretrial hearing, however, Mr. Temple suggested to the Court that they were aware of, and intended to follow, the Court's May 14, 2012 Order. Subsequently, on October 28, 2016, Plaintiff spoke with Mr. McDaniel. Mr. McDaniel represented that Plaintiff intended to submit proposed stipulations to counsel for the District, in an effort to avoid having the Councilmembers testify. Mr. McDaniel indicated, however, that if the parties could not reach an agreement on stipulations, or if there were unresolved issues, Plaintiff may require the Councilmembers to testify at trial. Mr. McDaniel also indicated that, if trial testimony were required, he would contact undersigned counsel in an effort to reach an agreement on the scope of the testimony prior to trial. While undersigned counsel appreciates the sentiments expressed by Mr. Temple and Mr. McDaniel, unless Plaintiff withdraws the subpoena as to Councilmember Evans, and comes to an agreement concerning the scope of the trial testimony of former Councilmembers Graham and Gray that is consistent with the Court's May 14, 2012 Order, the Councilmembers have no choice but to move to quash the subpoenas in their entirety.

9

5-9[13]; D.C.'s Mem. in Opp'n to Pl's Mot. to Reopen Deps. [Doc. 122] at 1-2.)  In fact, then-Mayor Gray testified in his deposition that he had no recollection of any private meeting with the CFO and, accordingly, could not provide information about the substance of such a meeting.[14]  With respect to Councilmember Graham, he made clear that he had no prior knowledge of Plaintiff's demotion and termination and at no time requested that Plaintiff be demoted or terminated.  (*See* Graham's Mem. in Opp'n to Pl's Mot. to Reopen Deps. [Doc. 125] at 5-6 n.3.)

To the extent, however, that Plaintiff believes that the deposition testimony of Councilmembers Graham and Gray contain relevant, non-privileged information, there are far less intrusive ways to obtain it than compelling testimony in court — ways that do not further waste the Councilmembers' time, or the Council's and the Court's resources.  For example, to the extent necessary and relevant, the parties could agree on stipulations concerning non-privileged testimony.  Similarly, to the extent necessary, relevant, non-privileged deposition testimony could be read into the record.  Bringing the Councilmembers into Court to testify more than 4 years after deposition testimony was taken, and approximately 8 years after the alleged communications took place, will not provide the Plaintiff with any additional

---

[13] This memorandum cites to relevant portions of Councilmember Graham's deposition and explains that counsel for Plaintiff asked virtually no questions about communications between Councilmember Graham and the CFO relating to Payne's demotion or termination, but spent almost the entire time questioning Councilmember Graham about communications, actions, and opinions related to his consideration of the lottery contract.

[14] Excerpt from Videotaped Deposition of Mayor Vincent C. Gray, Conducted on July 10, 2012, at 71:16-21:
**Question by Mr. McDaniel:** And because you don't recall the meeting [with Dr. Gandhi] you don't recall certainly, what, if anything, was said at the meeting, correct?
**Answer by then-Mayor Gray:** Well, if I don't recall the meeting, I certainly couldn't recall what was said at such a meeting that was held.

information to support his claims.  If anything, the Councilmembers' recollection of events will be even further diminished by the passage of all this time.

Asking the Councilmembers to comply with Plaintiff's subpoenas would require the disclosure of privileged information under Rule 45(d)(3)(A)(iii) and is unduly burdensome under Rule 45(d)(3)(A)(iv).  While undersigned counsel recognizes that quashing a subpoena is an "extraordinary measure, and is usually inappropriate absent extraordinary circumstances," May 14, 2012 Order at 12 (citing *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005)), forcing the Councilmembers to re-litigate an issue already decided by the Court over 4 years ago in an effort to elicit privileged information at trial is certainly such an extraordinary circumstance.

Nevertheless, if the Court is inclined to have the Councilmembers serve as witnesses at trial, the Councilmembers respectfully request that this Court quash the subpoena with respect to Councilmember Evans, and narrowly tailor the scope of the testimony that Plaintiff may elicit from former Councilmembers Graham and Gray, consistent with this Court's May 14, 2012 Order.  Further, the Councilmembers respectfully request that the Court order Plaintiff to set forth a specific date and time for the Councilmembers to appear at trial.

DATED: November 1, 2016					Respectfully submitted,

/s/
Ellen A. Efros, General Counsel (#250746)
eefros@dccouncil.us
Manasi Venkatesh, Ass't General Counsel (#1000409)
mvenkatesh@dccouncil.us
Council of the District of Columbia
1350 Pennsylvania Avenue NW, Suite 4
Washington, D.C. 20004
(202) 727-8026 (phone)

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERIC W. PAYNE,**<br><br>　　**Plaintiff,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>　　**Defendants**. | Civil Action No. 1:10-cv-00679 (PLF) |

## PROPOSED ORDER

Upon consideration of the Motion to Quash Subpoenas on Behalf of Councilmember Jack Evans and Former Councilmembers Jim Graham and Vincent Gray, and the entire record in the matter, it is, by the Court, this ____ day of November, 2016, hereby:

**ORDERED** that the Motion to Quash is GRANTED.

**SO ORDERED.**

DATE: November ____, 2016

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Hon. Paul L. Friedman
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERIC W. PAYNE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>    **Defendants**. | Civil Action No. 1:10-cv-00679 (PLF) |

## **PROPOSED ORDER**

Upon consideration of the Motion to Quash Subpoenas on Behalf of Councilmember Jack Evans and Former Councilmembers Jim Graham and Vincent Gray, and the entire record in the matter, it is, by the Court, this ____ day of November, 2016, hereby:

**ORDERED** that the Motion to Quash with respect to Councilmember Evans is GRANTED; and

**FURTHER ORDERED** that the subpoenas with respect former Councilmembers Jim Graham and Vincent Gray are MODIFIED consistent with this Court's May 14, 2012 Memorandum Opinion and Order.

**SO ORDERED.**

DATE: November ____, 2016

                                                        Hon. Paul L. Friedman
                                                        United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that today, November 1, 2016, a true copy of the forgoing was filed using the Court's electronic filing system, thereby electronically serving copies on all counsel of record.

                                        /s/
                          Ellen A. Efros, General Counsel (#250746)
                          eefros@dccouncil.us
                          Manasi Venkatesh, Ass't General Counsel (#1000409)
                          mvenkatesh@dccouncil.us
                          Council of the District of Columbia
                          1350 Pennsylvania Avenue NW, Suite 4
                          Washington, D.C. 20004
                          (202) 727-8026 (phone)